# EXHIBIT A

Person/Attorney Filing: Brian Marchetti
Mailing Address: 177 N. Church Avenue Suite 1100
City, State, Zip Code: Tucson, AZ 85701
Phone Number: (520) 334-2067
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 027193, Issuing State: AZ
Attorney E-Mail Address: brian@yourtucsonlawfirm.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

C20170208

Andrea Burpee, et al.
Plaintiff(s),

HON. CYNTHIA T. KUHN
Case No._____

V.

UnitedHealthcare Insurance Company,
Inc.
Defendant(s).

**SUMMONS**

STATE OF ARIZONA
DEPT. OF INSURANCE

JAN 1 1 2017

TIME U.S. Mail
SERVICE OF PROCESS

To: UnitedHealthcare Insurance Company, Inc.

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office of the Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If the papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS, not counting the day of service.

AZTurboCourt.gov Form Set #2050692

12/30/2016 CAC

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  Pima _____  *January 06, 2017* _____.

*Toni L. Hellon*
Clerk of the Superior Court

By: *Jim Orr* _____
         **Deputy Clerk**



HON. CYNTHIA T KUHN

AZturboCourt.gov Form Set #2050892

12/30/2016 CAC

# EXHIBIT B

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT

1/6/2017 11:02:07 AM

BY: JIM ORR
DEPUTY

Case No. C20170108
HON. CYNTHIA T. KUHN

**MARCHETTI LAW, PLLC**
177 N. Church Avenue, Suite 1100
Tucson, Arizona 85701
(520) 334-2067
Brian Marchetti,
brian@yourtucsonlawfirm.com
P.C.C. No. 66276/ State Bar No. 027193
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| ANDREA BURPEE and STEPHEN BURPEE, wife and husband,<br><br>Plaintiffs<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, INC. a foreign corporation;<br><br>Defendant | **COMPLAINT**<br><br>**(Breach of Contract)** |

For their Complaint, Plaintiffs Andrea Burpee and Stephen Burpee allege as follows:

**Parties, Jurisdiction, and Venue**

1.     Plaintiffs are residents of Pima County, Arizona.

2.     Defendant UnitedHealthcare Insurance Company, Inc., is a foreign company authorized to do business in Arizona and doing business in Pima County. In its correspondence, UnitedHealthcare Insurance Company, Inc. purports to do business as United Behavioral Health and is referred to herein as "United".

3.     All acts and occurrences giving rise to the Plaintiffs' claims occurred in Pima County, Arizona.

4.     Jurisdiction and venue are proper in this Court.

## Factual Allegations

5.     Andrea participated in a 30-day residential substance abuse treatment program at non-party Cottonwood De Tucson ("Cottonwood") from September 2, 2014 through October 2, 2014.

6.     At the time of that treatment, Andrea was covered by a United insurance policy which provides coverage for inpatient substance abuse treatment.

7.     On Andrea's behalf, Cottonwood timely submitted to United six claims for payment. Those claims totaled $42,825.00.

8.     Cottonwood is an out-of-network provider and, pursuant to the operative and applicable Plan Summary, United should have paid 50% of that amount, or $21,412.50.

9.     United denied payment of the claims presented by Cottonwood and, on October 31, 2014, in response to Explanations of Benefits ("EOBs") it received from United, Cottonwood wrote two letters to United, on Andrea's behalf, each of which set out requests for a "formal appeal" of United's incorrect and baseless denial of the claims.

10.    Because United denied payment, Plaintiffs tendered $21,412.50 to Cottonwood for the services Andrea received from September 2, 2014 through October 2, 2014.

11.    On December 16, 2014, United upheld its incorrect and baseless denial.

12.    On July 20, 2015, Andrea lodged a formal appeal in response to United's coverage determinations as set forth in its EOBs and its December 16, 2014 decision.

13.    In response to Andrea's July 2015 appeal, Larhonda R. Jones, M.D. performed an "appeal/grievance review" that included an examination of "medical records." Her decision was rendered on August 20, 2015. Dr. Jones determined that, based on United's Residential Level of Care Guidelines for Substance Use Disorders, "[t]he non-coverage determination for residential level of care will be upheld on 9/5/14 and forward".

14.     In November 2015, Andrea initiated an External Independent Review of United's continued claims denial through the Arizona Department of Insurance, as provided for by A.R.S. § 20-2537.

15.     On December 30, 2015, the Arizona Department of Insurance advised Andrea and United that the external independent review organization overturned United's denials and directed United to pay the benefits in question, totaling $21,412.50. A copy of that notice is attached as Exhibit A.

16.     Pursuant A.R.S. §20-2537(E), the decision by the independent review organization is a final administrative decision and, in accordance with the provisions of A.R.S. §20-2537(H), the appeal process was completed at that time. Thus, as of December 30, 2015, United had only one option: pay the $21,412.50 in unpaid benefits.

17.     United failed and refused to pay those funds, despite repeated efforts by Andrea's attorneys to facilitate the same. As of the filing of this lawsuit, United has still not tendered the funds for which the Arizona Department of Insurance ordered it to pay just over one year ago.

18.     Pursuant to A.R.S. § 20-2537(J), a decision made by an independent review organization, such as that set out in Exhibit A, is admissible in proceedings involving a health care insurer.

### Count One - Breach of Contract

19.     Plaintiffs incorporate the previous allegations as if fully set forth herein.

20.     The United insurance plan under which Andrea was insured is a valid and enforceable contract.

21.     Plaintiffs fulfilled their obligations under the contract.

22.     United has failed to pay Andrea's claims and that failure constitutes a material breach of the contractual agreement.

23.     Plaintiffs have been damaged as a result of United's breach of contract.

24.    All amounts due and owing to Plaintiffs are liquidated and/or are subject to precise ascertainment, thereby entitling them to pre-judgment interest.

25.    Plaintiffs' claims arise out of contract, thereby entitling them to an award of their reasonable attorney's fees pursuant to A.R.S. § 12-341.01, and other applicable law.

## Count Two - Breach of the Implied Duty of Good Faith and Fair Dealing

26.    Plaintiffs incorporate the previous allegations as if fully set forth herein.

27.    United's failure to pay Andrea's claims, in particular after it was ordered to so in December 2015, constitutes a breach of the implied duty of good faith and fair dealing in the insurance policy.

28.    United has intentionally denied Andrea's claims, failed to pay her claims, delayed payment of her claims, all without a reasonable basis for such action, thereby breaching the duty of good faith and fair dealing.

29.    United knew that it acted without a reasonable basis, or failed to perform an investigation or evaluation adequate to determine whether its actions were supported by a reasonable basis.

30.    In all aspects of investigating or evaluating Andrea's claim, United was required to give as much consideration to Andrea's interests as it did to its own interests. United failed to do so.

31.    United has breached the duty of good faith and fair dealing and has caused Plaintiffs to incur damages.

32.    All amounts due and owing to Plaintiffs are liquidated and/or are subject to precise ascertainment, thereby entitling them to pre-judgment interest.

33.    Plaintiffs' claims arise out of contract, thereby entitling them to an award of their reasonable attorney's fees pursuant to A.R.S. § 12-341.01, and other applicable law.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.    For an award of compensatory damages in an amount of $21,412.50;

1

2       B.     For pre-judgment and post-judgment interest;

3       C.     For costs and expenses incurred in this action, including reasonable attorney's
fees;

4

5       D.     For such other and further relief as the Court determines to be appropriate
under the circumstances.

6

7       DATED this 6th day of January 2017.

8

9                     **MARCHETTI LAW, PLLC**

10

11                By:  /s/ Brian Marchetti
                        Brian Marchetti

12                         *Attorney for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**Douglas A. Ducey, Governor**
**Andrew M. Tobin, Director**

December 30, 2015

Andrea Burpee                                                    **VIA US MAIL**
7141 N. Placita Sin Codicia
Tucson, AZ 85718

RE:   External Independent Medical Review
      Member ID# 959685252

Dear Ms. Burpee:

The above-referenced external independent medical review has been completed. The independent review organization (IRO), IMEDECS, has **overturned the denial** of benefits for substance use disorder services from September 5, 2014 through October 2, 2014. In part, the reviewer's determination explains:

> Inpatient residential rehabilitation services to address co-occurring substance use disorder and mental disorders from 09/05/14 to 10/02/14, is considered medically necessary for this patient. The requested rehabilitation services during the time interval under review cannot be safely and effectively provided at a lower level of care in this case scenario.

Pursuant to A.R.S. §20-2537(E), the decision by the independent review organization is a final administrative decision. In accordance with the provisions of A.R.S. §20-2537(H), the appeal process has been completed, and UnitedHealthcare Insurance Company has been directed to provide benefits for the services in question. They will provide written confirmation of payment within 30 days of the date of this letter. If payment is not forthcoming, please call me.

Sincerely,

Brooke A. Lovallo
Health Care Appeals Analyst
Consumer Affairs Division

C:   Cottonwood De Tucson

# EXHIBIT C

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
1/6/2017 11:02:07 AM
BY: JIM ORR
          DEPUTY

Person/Attorney Filing: Brian Marchetti
Mailing Address: 177 N. Church Avenue Suite 1100
City, State, Zip Code: Tucson, AZ 85701
Phone Number: (520) 334-2067
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 027193, Issuing State: AZ
Attorney E-Mail Address: brian@yourtucsonlawfirm.com

C20170108

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

Andrea Burpee, et al.
Plaintiff(s),

v.

UnitedHealthcare Insurance Company,
Inc.
Defendant(s).

Case No. _____

## CERTIFICATE OF COMPULSORY ARBITRATION

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Pima County Superior Court, and I further certify that this case IS subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this *January 06, 2017*

By: *Brian Marchetti /s/*
Plaintiff/Attorney for Plaintiff

# EXHIBIT D

 CT Corporation

**Service of Process Transmittal**
01/17/2017
CT Log Number 530507850

**TO:**    Rebecca Thompson
UnitedHealth Group Incorporated (111504190770700600)
9900 Bren Rd E Ste 300W, MN008-T700
Minnetonka, MN 55343-4402

**RE:**    **Process Served in Arizona**

**FOR:**    UnitedHealthcare Insurance Company (301800099745000000048)  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANDREA BURPEE and STEPHEN BURPEE, etc., Pltfs. vs. UnitedHealthcare Insurance Company, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Certificate(s), Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Pima County - Superior Court, AZ<br>Case # C20170108 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/17/2017 postmarked on 01/12/2017 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from the date of service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brian Marchetti<br>Marchetti Law, PLLC<br>177 N. Church Avenue, Suite 1100<br>Tucson, AZ 85701<br>520-334-2067 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/18/2017, Expected Purge Date: 02/17/2017 |
| | Image SOP |
| | Email Notification,  Administrative Assistant  legalmail@uhc.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 3800 N Central Avenue<br>Suite 460<br>Phoenix, AZ 85012 |
| **TELEPHONE:** | 602-248-1145 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.